IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brandon Adrian Moore, #20111109, ) | C/A No. 8:16-525-MBS-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| Easley City Police Department, ) | |
| Officer Jose, ) | |
| *Sued in Their Individual and Official Capacity*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Brandon Adrian Moore ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is currently detained in the Pickens County Detention Center ("PCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff alleges the following facts. On January 29, 2016, he was arrested and taken to the PCDC. [Doc. 1-1.] On January 31, 2016, Officer Jose, a police officer with the City of Easley, took Plaintiff from the PCDC and placed restraints on him behind his back. [*Id.*] Officer Jose placed Plaintiff in the back seat of his vehicle and did not fasten the safety belt on Plaintiff. [*Id.*] As Officer Jose began to drive, he said to Plaintiff "I hope you like going fast." [*Id.*] The vehicle reached speeds over 100 miles per hour ("mph"), going up to 120 mph. [*Id.*] The vehicle almost side-swiped a pontoon boat while going about 100 mph, and Plaintiff felt the vehicle "drift" going around a curve while going about 100 mph. [*Id.*] Upon arrival at the Easley City Police Department, they stayed in the vehicle for several minutes because Officer Jose said he did not want the others to know he was speeding. [*Id.*] In the

booking area, Officer Jose told some officers that he had driven to Pickens and back in fourteen minutes. [*Id.*] Officer Jose served a warrant on Plaintiff for petit larceny. [*Id.*]

Based on those facts, Plaintiff alleges Officer Jose and the Easley City Police Department put Plaintiff "at risk of serious harm by transporting me at high speed and unrestrained with seat belt, to Easley Police Dept." [Doc. 1.] He also alleges that transporting him at speeds of 120 mph violated his right to be free from deliberate indifference to his safety in violation of the Eighth Amendment and the Fourteenth Amendment due process clause. [*Id.*] Plaintiff alleges Defendants had a duty to keep him reasonably safe, and they failed to provide for his safety constituting negligence under South Carolina law. [*Id.*] He alleges the Easley City Police Department should be liable "for allowing this behavior of their officers." [*Id.*] He alleges this Court has jurisdiction because of his federal question cause of action and supplemental jurisdiction over the state law tort claim. [*Id.*]

For his relief, Plaintiff requests compensatory damages for emotional injury and punitive damages. [*Id.*] He also requests a declaratory judgment that his rights under the Eighth Amendment were violated. [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

This action should be dismissed because Plaintiff fails to state a claim on which relief may be granted. First, the Easley City Police Department is subject to dismissal because it is not a person subject to suit under § 1983. It is well settled that inanimate objects such as buildings, facilities, and grounds, as well as police departments, do not qualify as "persons" and cannot act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla.1990) (dismissing city police department as improper defendant in § 1983 action because not a "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant

4

because it was merely vehicle through which city government fulfills policing functions). Similarly, the staff of an organization is not considered a person subject to suit under 42 U.S.C. § 1983, and groups of people may not be sued under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983). Therefore, because the Easley City Police Department may be considered an inanimate object, staff, or a group of people, it should be dismissed for failure to state a claim against it.

If Plaintiff is intending to sue the City of Easley, the city is considered a person subject to suit pursuant to § 1983. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 689–90 (1978) (finding that municipalities and other local government bodies are "persons" subject to suit pursuant to § 1983). However, local governmental bodies may be liable only where official policy caused a plaintiff's injury. *See Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011). "They are not vicariously liable under § 1983 for their employees' actions." *Id.* Thus, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Id.* Here, Plaintiff alleges the Easley City Police Department should be liable "for allowing this behavior of their officers."[1] However, this is an attempt to hold the City of Easley liable for the employee's misconduct, but the city cannot be vicariously liable under § 1983 for that officer's actions. Because Plaintiff has not alleged a policy or custom that caused an alleged injury, he fails to state a claim on which relief may be granted against the city.

---

[1] Plaintiff also alleges Officer Jose did not want some people inside the police department to know he was speeding so they stayed in the vehicle several minutes. This does <u>not</u> tend to indicate a policy or custom of the police department.

Additionally, Plaintiff fails to allege a plausible claim of a constitutional violation against Officer Jose. Liberally construed, he tries to allege an Eighth Amendment deliberate indifference to safety and Fourteenth Amendment substantive due process violation. Because Plaintiff is a pretrial detainee, the Eighth Amendment does not apply to him because he cannot be punished at all. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015) (noting that the Fourteenth Amendment protects pretrial detainees but the Eighth Amendment does not apply).

The due process clause of the Fourteenth Amendment does impose affirmative obligations on states for the treatment of pretrial detainees.[2] A pre-trial detainee must not be punished prior to an adjudication of guilt in accordance with due process. *Block v. Rutherford*, 104 S. Ct. 3227, 3231 (1984). This case, of course, does not concern jail conditions. Instead, Plaintiff seems to bring a claim that Officer Jose's misconduct shocks the conscience in violation of the Fourteenth Amendment. The United States Supreme Court explained in *Farmer v. Brennan*, 511 U.S. 825 (1994), that a prison official violates the Eighth Amendment (or the Fourteenth Amendment in the case of pretrial detainees) when two requirements are met: (I) the alleged deprivation must be, objectively, "sufficiently serious," resulting "in the denial of 'the minimal civilized measure of life's necessities,' " and (ii) "a prison official must have a 'sufficiently culpable state of mind.' " i.e., " 'deliberate indifference' to inmate health or safety." *Id.* at 834 (citations omitted).

---

[2]While the due process clause of the Fourteenth Amendment guarantees pretrial detainees humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir.1998); *see also Chisolm v. Cannon*, C/A No. 4:02-3473-RBH, 2006 WL 361375 at *3 (D.S.C. Feb. 15, 2006).

The Fourth Circuit Court of Appeals held that "only governmental conduct that 'shocks the conscience' is actionable as a violation of the Fourteenth Amendment." *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001). In the circumstance where the government is required to care for a pretrial detainee, the Supreme Court "has held that the government's *deliberate indifference* to the care of persons in its custody can shock the conscience for purposes of finding a substantive due process violation." *Slaughter v. Mayor and City Council of Baltimore*, 682 F.3d 317, 321 (emphasis in original).

Here, Plaintiff alleges that Officer Jose said he hoped Plaintiff liked to go fast and then proceeded to drive more than 100 mph for the trip that lasted fourteen minutes or less. And, Officer Jose did not secure the seatbelt on Plaintiff, whose hands were retrained behind his back. Plaintiff alleges no physical injury and no facts related to an emotional injury. Liberally construed, these facts do not allege an intent to harm, but possibly allege recklessness or gross negligence. Even under these circumstances, while Officer Jose certainly acted inappropriately and could have caused Plaintiff great physical injury but fortunately did not, such conduct does not shock the conscience.[3] *Cf. Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 853–54 (1998) (holding that "high-speed chases with no intent to harm suspects physically . . . do not give rise to liability under the Fourteenth Amendment, redressible by an action under § 1983.") Thus, Plaintiff fails to plausibly allege a Fourteenth Amendment claim.

---

[3]This Court recognizes that courts have held that some official acts in the range of recklessness or gross negligence may be actionable under the Fourteenth Amendment. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 853–54 (1998). However, this case does not rise to that level.

Lastly, this action fails to allege a plausible claim because Plaintiff does not sufficiently allege injury. He alleges no facts to support his claim of emotional injury, and he alleges no physical injury. Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). Also, 42 U.S.C. § 1997e(e) prohibits a § 1983 claim seeking compensatory damages for mental and emotional injuries when the plaintiff cannot demonstrate more than de minimis physical injury. *See Smith v. James*, C/A No. 8:13-1270-RMG, 2014 WL 2809609, at *8 (D.S.C. 2014). Thus, as here where Plaintiff has no physical injury, the claim for compensatory damages based on emotional injury is barred.[4] *See Perkins v. Dewberry*, 139 F. App'x 599 (2005).

If this Court finds that the federal question claims should be dismissed as recommended herein, the Court should decline supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3).

---

[4]This Court recognizes that Plaintiff seeks punitive damages.

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

March 9, 2016  
Greenville, South Carolina

S/Jacquelyn D. Austin  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).