IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brandon Adrian Moore, #20111109, ) | |
| ) | C/A No. 8:16-525-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Easley City Police Department, ) | **ORDER AND OPINION** |
| Officer Jose, sued in their individual and ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

At the time of the underlying events, Plaintiff Brandon Adrian Moore was a state pretrial detainee housed at the Pickens County Detention Center (PCDC) in Pickens, South Carolina. Plaintiff, proceeding pro se, filed a complaint on February 18, 2016, against Defendants Easley City Police Department and Officer Jose, a police officer with the Easley, South Carolina, police department. Plaintiff alleges that his constitutional rights were violated when Officer Jose transported him from the PCDC to the Easley City Police Department at excessive speeds of one hundred to one hundred and twenty miles per hour while Plaintiff was unrestrained by a seat belt. Thus, Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff also asserts a state law tort claim for negligence.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915. The Magistrate Judge determined that the Easley City Police Department is subject to dismissal because it is not a person subject to suit under § 1983. The Magistrate Judge also found that, to the extent Plaintiff intended to sue the City of

Easley, Plaintiff had failed to allege a policy or custom that caused his alleged injury. See Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011).  Next, relying on County of Sacramento v. Lewis, 523 U.S. 833, 853-54 (1998), the Magistrate Judge found that Officer Jose's alleged conduct of driving at excessive speeds with Plaintiff unrestrained in the back seat did not "shock the conscience" so as to violate the Fourteenth Amendment.  Finally, the Magistrate Judge determined Plaintiff's claim fails because Plaintiff failed to sufficient allege injury.  See 42 U.S.C. § 1997e(e) (stating "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").  Accordingly, the Magistrate Judge recommended that action be summarily dismissed without prejudice and without issuance and service of process.  Plaintiff filed no objection to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  Id.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

DISCUSSION

A.     Easley City Police Department

The court has thoroughly reviewed the record and finds no error as to the Magistrate Judge's finding that the Easley City Police Department is not a "person" for purposes of § 1983, and that Plaintiff has shown no policy or custom that could impose liability on the City of Easley.

B.     Officer Jose

In Lewis, a police officer engaged in a high speed chase of two teenagers on a motorcycle. Eventually the driver of the motorcycle lost control, resulting in a collision that killed the passenger of the motorcycle. The decedent's parents brought a claim under the Fourteenth Amendment, alleging deprivation of the decedent's right to life. On appeal, the Supreme Court addressed a circuit split regarding the standard of culpability on the part of a law enforcement officer for violating substantive due process in a pursuit case–i.e., whether the proper standard was "deliberate indifference" or "shocks the conscience." The Court observed that the "touchstone of due process is protection of the individual against arbitrary action of government." Id. at 845 (quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)). The Court reiterated that the Constitution "does not supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." Id. at 849 (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)). Rather, "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." Id. (citing Daniels, 474 U.S. at 331).

The Court also noted that "deliberate indifference" can satisfy the fault requirement for due process claims in some situations. Id. at 850 (citing cases). According to the Supreme Court, the

"deliberate indifference" standard is sensibly employed when actual deliberation is practical, "and in the custodial situation of a person, forethought about an inmate's welfare is not only feasible but obligatory under a regime that incapacitates a prisoner to exercise ordinary responsibility for his own welfare." Id. at 851. Thus, conduct that "shocks the conscience" depends on the circumstances. In Lewis, the Court ultimately held that "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment." Id. at 854.

In this case, the Magistrate Judge found that the facts surrounding Officer Jose's alleged conduct do not show an intent to harm, as required by Lewis. In the court's view, the Magistrate Judge applied an incorrect "intent to harm" standard to the facts alleged by Plaintiff. Rather, Officer Jose's purported decision to transport Plaintiff at an excessive rate of speed falls squarely within the Lewis Court's discussion of situations wherein a "deliberate indifference" standard is appropriate because "actual deliberation is practical." Id. at 851.

Liability under the "deliberate indifference" standard requires the evidence to show (1) the official in question subjectively recognized a substantial risk of harm, and (2) the official in question subjectively recognized that his actions were inappropriate in light of that risk. Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (citing Rich v. Bruce, 129 F.3d 336, 340 n.2 (4th Cir. 1997)). A factfinder may conclude that an officer knew of a substantial risk from the very fact that the risk was obvious. Id. (quoting Farmer v. Brennan, 511 U.S. 825, 842 (1994)). Similarly, a factfinder may conclude that the official's response to a perceived risk was so patently inadequate as to justify an inference that the official actually recognized that his response to the risk was inappropriate under the circumstances. Id. The court concludes that the facts alleged by Plaintiff

4

state a plausible claim under the "deliberate indifference" standard appertaining to Officer Jose's alleged actions. The court declines to adopt the recommendation of the Magistrate Judge as to this issue.

As to damages, the Magistrate Judge correctly determined that § 1997e(e) prevents Plaintiff from seeking compensatory damages for emotional injuries absent a showing of physical injury. Although the Court of Appeals for the Fourth Circuit has not addressed the issue, a majority of other Circuits that have addressed § 1997e(e)'s limitation on recovery have held that § 1997e(e) does not prevent an inmate from seeking nominal damages and punitive damages for violation of constitutional rights in the absence of injury. See Etters v. Bennett, No. 5:09-CT-3187-D, 2011 WL 976472 (E.D.N.C. March 16, 2011); (citing cases); Jones v. Price, 696 F. Supp. 2d 618, 624 (N.D.W. Va. 2010) (same). The court is persuaded by the majority view and holds that Plaintiff is not precluded from seeking nominal and punitive damages. The court declines to adopt the recommendation of the Magistrate Judge that Plaintiff's claim fails because he did not adequately allege damages.

## CONCLUSION

The court adopts the Magistrate Judge's recommendation that Defendant Easley City Police Department be summarily dismissed without prejudice and without issuance and service of process. The court declines to adopt the Magistrate Judge's recommendation that Officer Jose be summarily

dismissed. The within action is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour<br>Senior United States District Judge

Columbia, South Carolina

April 11, 2016