IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brandon Adrian Moore, ) | |
| ) | C/A No. 8:16-525-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Easley City Police Department, ) | **ORDER AND OPINION** |
| Officer Jose, sued in their individual and ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

At the time of the underlying events, Plaintiff Brandon Adrian Moore was a pretrial detainee housed at the Pickens County Detention Center (PCDC) in Pickens, South Carolina. Plaintiff, proceeding pro se, filed a complaint on February 18, 2016, alleging that his constitutional rights were violated when Defendant Officer Jose transported him from the PCDC to the Easley City Police Department at speeds of one hundred to one hundred and twenty miles per hour while Plaintiff was unrestrained by a seat belt. Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff also asserts a state law tort claim for negligence. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling.

On June 22, 2016, Defendant Jose filed a motion for summary judgment.[1] On July 5, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. The envelope containing Plaintiff's copy of the Roseboro order was returned to the Office of the Clerk of Court

---

[1] The remaining Defendants were dismissed by order filed April 13, 2016.

on July 15, 2016, marked "RETURN TO SENDER - ATTEMPTED - NOT KNOWN - UNABLE TO FORWARD." On August 10, 2016, the Magistrate Judge issued an order informing Plaintiff that he had until August 30, 2016, to respond to Defendant's motion, or the action would be subject to dismissal for failure to prosecute. See Fed. R. Civ. P. 41(b). On August 19, 2016, the envelope containing a copy of the Magistrate Judge's order was returned to the Clerk of Court marked "RETURN TO SENDER - NOT DELIVERABLE AS ADDRESSED - UNABLE TO FORWARD." On August 31, 2016, the Magistrate Judge issued a Report and Recommendation in which she recommended that the case be dismissed pursuant to Rule 41(b). The envelope containing a copy of the Report and Recommendation was returned to the Clerk of Court on September 12, 2016, marked "RETURN TO SENDER - ATTEMPTED - NOT KNOWN - UNABLE TO FORWARD."

On October 19, 2016, a copy of the Report and Recommendation was sent to Plaintiff at Trenton Correctional Institution in Trenton, South Carolina, where he now is serving a term of incarceration. Plaintiff has filed no objections to the Report and Recommendation or otherwise made inquiry to the court.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310,

315 (4th Cir. 2005).

The court has thoroughly reviewed the record. It appears that Plaintiff has abandoned the within action. Accordingly, the complaint is dismissed without prejudice pursuant to Rule 41(b).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

December 8, 2016